UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Jose ARROYO-Arceo,<br><br>　　　　　　Defendant | Magistrate Docket No. 08 MJ 1416<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 1, 2008,** within the Southern District of California, defendant, **Jose ARROYO-Arceo,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　Terri L. Dimolios
　　　　　　　　　　　　　　　　　　　Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5TH DAY** OF **MAY 2008.**

　　　　　　　　　　　　　　　　　　　Louisa S. Porter
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose ARROYO-Arceo

## PROBABLE CAUSE STATEMENT

On May 1, 2008 at approximately 4:30 p.m., I, Senior Border Patrol Agent John F. Murphy, was patrolling 100 yards north of the Mexico-United States international boundary 5 miles west of the San Ysidro, California Port of Entry when I found footprints leading north from Mexico. I followed the footprints about 20 yards and discovered a man lying in the brush. I identified myself as a Border Patrol Agent and conducted an immigration interview of the subject. The man identified himself as the defendant **Jose ARROYO-Arceo**, a citizen and national of Mexico, who was illegally present in the United States, possessing no immigration documentation permitting him to enter or remain in the United States legally. I placed the defendant into custody and transported him to the Imperial Beach Border Patrol Station for processing.

The defendant was advised, in Spanish, of his Consular Communication Rights, the defendant stated he understood his rights and did not request to speak to the Mexican Consulate.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on January 8, 1998** through **El Paso Texas**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Executed on May 3, 2008 at 10:00 a.m.

Irene S. Aguirre
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on May 1, 2008, in violation of Title 8, United States Code, Section 1326.

Louisa S. Porter
United States Magistrate Judge

5/3/08    11:00 AM
Date/Time